UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:20-cr-00654 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | |
| PAUL TURNER, | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | (Resolving Doc. 104) |
| | ) | |

This matter is before the Court on the *Unopposed Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2)* (Doc. 104) (the "Motion") filed by Defendant Paul Turner ("Turner"). The United States of America did not file a response.

For the reasons stated below, the Motion is DENIED.

**I.  BACKGROUND**

A federal grand jury charged Turner with conspiracy to possess with the intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846 (Count One), two counts of distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Counts Two and Three), and possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Four). Doc. 11. Pursuant to a plea agreement (Doc. 23), Turner pled guilty as to all counts. *See Minutes of Proceedings*, docket entry dated December 10, 2020.

In preparation for sentencing, the United States Pretrial Services and Probation Office prepared the Presentence Investigation Report (the "PSI"). Doc. 50. The PSI indicated Turner had a total offense level of 13 (after a three-level reduction for acceptance of responsibility) and a criminal history category of IV, therefore the advisory guideline range was 33–41 months. Doc.

1

50 at p. 19, ¶ 95. The Court ultimately did not lower the offense level for acceptance of responsibility, varied up to an offense level of 18, and sentenced Turner to a term of 71 months' imprisonment. Doc. 54.

After Turner's sentencing, the United States Sentencing Commission issued Amendment 821. He now seeks retroactive application of Amendment 821 to reduce his sentence to 63 months.

## II. LAW AND ANALYSIS

### A. Legal Standard

A defendant that has been sentenced to a term of imprisonment based on a subsequently lowered sentencing range may move the Court to reduce their term of imprisonment. 18 U.S.C. § 3582(c)(2). The lowered sentencing range in this case resulted from Amendment 821, which was made retroactive by 18 U.S.C. Appx. § 825 ("Amendment 825"). The Court must employ a two-step approach when deciding whether to reduce the defendant's sentence pursuant to a retroactive amendment. *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) (quoting *Dillon v. United States*, 560 U.S. 817, 826–27 (2010)).

First, the Court must ensure the defendant is eligible for a sentence modification pursuant to 18 U.S.C. Appx § 1B1.10 (the "Policy Statement"). *Id.* Relevant in this case, the Policy Statement applies to Amendment 821. *See* 18 U.S.C. Appx § 1B1.10, n.7.

If the defendant is eligible, the Court is further instructed to consider the applicable 18 U.S.C. § 3553(a) factors to determine whether a reduction is warranted in light of the particular circumstances of the case. *Jones*, 980 F.3d at 1107. The section 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect

the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### B. Analysis

In the Motion, Turner asks the Court to reduce his sentence under Amendment 821 based on the assertion that the amendment changes his criminal history points and, as a result, the advisory range is lowered to 51–63 months as opposed to the 57–71 months used at the time of sentencing. Doc. 104 at p. 3. Part A of Amendment 821 created a new U.S.S.G. § 4A1.1(e) that provides:

> [a]dd 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

At the time of sentencing, Turner's total criminal history points were 13. Doc. 50 at p. 15, ¶ 66. Eleven (11) of those points were the result of previous criminal convictions pursuant to U.S.S.G. §§ 4A1.1(a)-(c). Doc. 50 at pp. 10–14, ¶¶ 49–63. Two (2) additional points were added in accordance with the then-current § 4A1.1(d)[1] because the underlying offenses were committed while Turner was on probation for driving under suspension. Doc. 50 at p. 15, ¶ 65. Turner now argues that the new § 4A1.1(e) would apply to adjust his guidelines range because he would only

---

[1] U.S.S.G. § 4A1.1(d) previously provided for "[two] points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." Amendment 821 removed this language and substituted it with the new subsection (e).

3

receive one additional criminal history point due to the offenses taking place while he was on probation, therefore his total criminal history points would be 12 under the new calculation. Doc. 104 at p. 3. The Court finds that Amendment 821 affects Turner's criminal history computation and he is thus eligible for consideration of a sentence reduction.

However, upon consideration of the applicable § 3553(a) factors, the Court has determined that a reduction is not warranted in light of the circumstances of Turner's case. *See Jones*, 980 F.3d at 1107. This is due to Turner's criminal history and characteristics, and the need of the sentence to promote respect for the law, afford adequate deterrence, and protect the public from future crimes. *See* 18 U.S.C. §§ 3553(a)(1), (2). Turner has a lengthy criminal history which shows he has yet to be deterred from illegal activity, specifically related to drugs. He has many prior convictions spanning the majority of his adult life, including charges for possession, trafficking, and drug use. Doc. 50 at pp. 9–14, ¶¶ 45–63. A review of his criminal history and the record in this case further shows that Turner could not refrain from criminal activity even when awaiting the outcome of the underlying charges here. During that time, Turner continued his drug trafficking activities and was arrested for domestic violence directed toward his then-pregnant girlfriend. Doc. 50 at p. 14, ¶ 63. This pattern of behavior indicates that he has yet to be deterred from participating in criminal activity and lacks respect for the law and others. At the time of sentencing, the Court considered Turner's offenses, criminal history, and characteristics, and determined that an upward variance to a 71-month sentence promoted respect for the law, afforded adequate deterrence, and protected the public. *See* 18 U.S.C. § 3553(a)(2).

Given the facts and after consideration of the need for the sentence imposed to promote respect for the law, protect the public, and offer adequate deterrence, the Court finds a reduction to Turner's sentence is not warranted. The Court's imposition of the sentence was sufficient but

4

not greater than necessary, and if sentenced today with a one-point reduction pursuant to Amendment 821, this Court would impose the same sentence.

### III. CONCLUSION

For the reasons stated above, the *Unopposed Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2)* (Doc. 104) is DENIED.

Date: November 6, 2024                 */s/ John R. Adams*
                                                           JOHN R. ADAMS
                                                           UNITED STATES DISTRICT JUDGE